# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JACK HOLZER and MARY BRUESH-HOLZER, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 17-cv-0755-NKL |
| ) | |
| ATHENE ANNUITY & LIFE ASSURANCE CO., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendant Athene Annuity & Life Assurance Company ("Athene") removed this case from the Circuit Court of Jackson County, asserting federal diversity jurisdiction. Plaintiffs Jack A. Holzer and Mary F. Bruesh-Holzer (the "Holzers") promptly moved to remand this action to state court, arguing that two defendants sharing Kansas citizenship with the Holzers destroy diversity. Defendants insist that the two Kansas defendants were fraudulently joined, and that removal therefore was proper.

Because the Holzers have a basis in law and fact for suing at least one Kansas-based defendant, the Court lacks subject matter jurisdiction over this case and must remand it to state court.

**I. Background**

The Holzers filed this action in the Circuit Court of Jackson County on September 12, 2016, alleging that Mr. Holzer contracted mesothelioma and asbestosis from his exposure to asbestos fibers emanating from products manufactured, sold, distributed, and/or installed by the defendants. The Holzers are residents of Kansas, but brought suit in Missouri because Mr. Holzer allegedly was first exposed to asbestos while he worked in the state. Two of the

defendants named in the most recent state court petition, KCG, Inc. ("KCG") and Fuhrco, Inc. f/k/a Schutte Lumber Company ("Fuhrco") are citizens of Kansas. The other defendants, including Athene, are citizens of other states.

Athene removed this case on the basis of diversity, asserting that the Holzers on the one hand and the defendants on the other are citizens of different states, and that the amount in controversy exceeds $75,000. There is no dispute regarding the amount in controversy. However, the Holzers insist that both KCG and Fuhrco, as fellow citizens of Kansas, destroy diversity. Athene insists that the Holzers have no basis in fact or law to sue KCG, and that the Holzers never intended to prosecute their claims against either KCG or Fuhrco. The Holzers deny that they filed suit against either of the Kansas-based defendants with improper purpose and maintain that they intend to seek a default judgment against Fuhrco.

**II.     Standard**

A defendant in a state court action may, under certain conditions, remove to federal district court a case over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction if (i) the amount in controversy exceeds $75,000, and (ii) the plaintiffs' state of citizenship is different from the state of citizenship of each of the defendants. *See* 28 U.S.C. § 1332(a). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The Court must remand a case over which it lacks subject matter jurisdiction. *See In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) ("[T]he case should be remanded if it appears that the district court lacks subject matter jurisdiction.") (citing 28 U.S.C. § 1447(c)).

If a non-diverse defendant was joined solely to prevent removal of a case from state court, the joinder is fraudulent and will not destroy the court's subject matter jurisdiction. *See Prempro*, 591 F.3d at 620 ("Courts have long recognized fraudulent joinder as an exception to the complete diversity rule. Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal.") (citations omitted). However, if a plaintiff has a "colorable" claim against a non-diverse defendant, joinder is not fraudulent. *Filla v. Norfolk Southern. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) ("[I]f there is a 'colorable' cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.").

As the party seeking to remove the case, Athene bears the burden of establishing that the Court has subject matter jurisdiction over this case. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) ("The party seeking removal has the burden to establish federal subject matter jurisdiction . . . .") (quotation marks and citation omitted). Any doubt concerning whether the Court has jurisdiction "must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

**III.    Discussion**

Athene does not contend that the Holzers' claims against Fuhrco are without a factual or legal basis.[1] *See* Defendant Athene's Amended Suggestions Opposing Plaintiff's Motion to Remand, Doc. 31 at 14 ("To be clear, Athene is not asserting that Fuhrco, Inc. was fraudulently joined under the Filla prong."). Instead, Athene argues that the Holzers have no *intention* of

---

[1] In contrast, Athene argues that the Holzers have no basis in fact for suing KCG, but because the Court concludes that Fuhrco's joinder was not fraudulent, and Fuhrco's inclusion in this suit deprives the Court of diversity jurisdiction, the Court need not address Athene's arguments respecting KCG.

3

prosecuting their claims against Fuhrco. In other words, Athene does not argue that the Holzers *cannot* prosecute their claims against Fuhrco; Athene argues merely that the Holzers *will* not prosecute those claims. Under *Filla*, however, the Holzers' intention is irrelevant; the fraudulent-joinder determination turns only on the legal and factual basis for the Holzers' claims. *See Filla*, 336 F.3d at 810. If the Holzers have a reasonable basis for their claims against Fuhrco, joinder of Fuhrco was not fraudulent.

Athene argues that *Filla* addresses only one of two factors considered in assessing whether joinder was fraudulent, and that an 80-year old Eighth Circuit case requires the Court to consider not just whether there is a legal and factual basis for a claim against a non-diverse defendant, but also "whether there is a real intention on the part of the plaintiff to secure a joint judgment . . . ." *Leonard v. St. Joseph Lead Co.*, 75 F.2d 390, 396-97 (8th Cir. 1935). However, the intent-focused language in *Leonard* that Athene quotes is mere dicta. In *Leonard*, the Eighth Circuit affirmed the denial of a motion to remand because there was no basis in law or fact for the allegations against the non-diverse defendants. *See id.* at 395 ("[I]t is clear that the court properly held that [the directors] were fraudulently joined . . . . [T]he directors had nothing to do with the management, operation, manner of conducting or controlling the work of the plaintiff, knew nothing of the conditions under which he worked, and had nothing to do with the actual working of the mine. The general rule governing the personal liability of an officer or director of a corporation for torts committed by the corporation is that he is not liable where he has not participated therein, nor had any knowledge of, nor given any content to the act or transaction."); *id.* at 396-97 ("It is conceivable that under the law of Missouri, the two corporations might have been jointly liable to plaintiff if the negligence of both concurred in producing his injury, but . . . in fact, it conclusively appears that there was no such concurrent negligence."). *Leonard* did not

turn on the plaintiff's intent. Thus, the holding of *Leonard* is in essence no different from the holding in *Filla*. Compare *Leonard*, 75 F.2d at 396 (noting that "the record justifies the conclusion of the lower court that this allegation is without foundation in fact and fraudulent in law") *with Filla*, 336 F.3d at 810 ("[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.") (quotation marks and citation omitted).

The other cases that Athene cites in support of the argument that the Court should consider the Holzers' "real intention" in determining whether joinder was fraudulent also turned not on the question of intent, but on whether there was a reasonable basis for the claims. *See Walker v. Lanoga Corp.*, No. 06-0148, 2006 WL 1594451, at **4–5 (W.D. Mo. June 9, 2006) (denying motion to remand because plaintiff was "unable to state a cognizable claim" against the non-diverse defendant); *Starman v. Peoples Ben. Life Ins. Co.*, No. 05-0018, 2005 WL 2123727, at *3 (E.D. Mo. Sept. 1, 2005) (denying motion to remand because "Plaintiff fail[ed] to state a cause of action against [the non-diverse] [d]efendant"); *Garner v. Union Pac. R.R. Co.*, No. 15-00733, 2015 WL 7352281, at *7 (E.D. Mo. Nov. 20, 2015) (finding fraudulent joinder "[b]ecause there is no reasonable basis for predicting that Kansas law might impose liability on [in-state defendant] based upon the facts Plaintiffs allege"); *Scientific Computers, Inc. v. Edudata Corp.*, 596 F. Supp. 1290, 1292-93 (D. Minn. 1984) (finding, where plaintiff could have obtained full relief without joinder of the in-state defendant, and where the in-state defendant was the only one of several brokers to be named in the suit, that joinder was fraudulent). Indeed, in two of the cases that Athene cites, *Jameson v. Gough*, No. 09-2021, 2010 WL 716107 (E.D. Mo. Feb. 24, 2010) and *Maddux v. Great Am. Ins. Co.*, No. 08-0461, 2009 WL 10671556 (W.D.

5

Mo. Mar. 20, 2009), the court found that there was a basis for the claims against the non-diverse defendants and remanded the proceedings. *See Jameson*, 2010 WL 716107, at *6 (remanding the case because plaintiff had "a reasonable basis for naming [the resident] as a defendant" and doubts should be resolved in favor of remand); *Maddux*, 2009 WL 10671556, at *3 (remanding case after finding that "it cannot be said that . . . no cause of action lies against" the non-diverse defendant).

Two recent decisions from this District already have rejected the contentions that Athene makes here. In *Housley v. The Dial Corp.*, No. 17-577, 2017 WL 3269386 (W.D. Mo. Aug. 1, 2017), the defendant seeking removal, like Athene, argued that the "Plaintiff ha[d] no real intention of prosecuting his claim against" the non-diverse defendant. *See id.*, at *2. The district court held that the defendant was not fraudulently joined because "the Eighth Circuit does not consider a plaintiff's intention of prosecution and a Missouri court might impose liability on [the non-diverse defendant] for negligence . . . ." *Id.* Similarly, in *LaManno v. Wal-Mart Stores, Inc.*, No. 17-cv-0256-HFS, Dkt. 17 (W.D. Mo. Aug. 11, 2017), the defendant argued that the non-diverse defendant was fraudulently joined because the plaintiffs had "no interest in pursuing" that defendant. *Id.* at **7-8. The district court concluded that "there [wa]s no reason for considering plaintiffs' 'true intent'" because there were "reasonable bases in fact and law for naming [him] as a defendant . . . ." *Id.* at *8.

Thus, notwithstanding Athene's arguments, the law is settled. The Holzers' intent to prosecute Fuhrco is irrelevant in light of the undisputed fact that they have a reasonable basis in fact and law to sue Fuhrco.

Because the Court finds that Fuhrco was not fraudulently joined, the Court lacks subject matter jurisdiction over this action and must remand it.[2]

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Holzers' motion to remand. Pursuant to 28 U.S.C. § 1447(c), the case is REMANDED to the Circuit Court of Jackson County.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 3, 2017
Jefferson City, Missouri

---

[2] Even if the Holzers' intent to prosecute Fuhrco were relevant, Athene has failed to establish that the Holzers do not intend to pursue their claims against Fuhrco. Plaintiff's counsel states that "Plaintiffs intended to" seek a default judgment against Fuhrco before this case was removed. Any doubts regarding whether the Court has jurisdiction must be resolved in favor of remand. *See Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) ("Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are strictly to construe legislation permitting removal.") (quotation marks and citation omitted). Thus, even if the Holzers' intent were relevant, the Court would remand the case.